IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIGUEL ARDIAN ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No. CIV-08-150-D |
| ) | |
| D.O. JAMES PALMER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Miguel Adams brings suit pursuant to 42 U.S.C. § 1983.  All parties seek summary judgment,[1] and the Court should deny both motions.

## BACKGROUND

In the complaint, Mr. Adams alleges that Oklahoma County Detention Center Officers Palmer, Johnson, and Arrington used excessive force, threatened homicide, and failed to respond to administrative complaints.  Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 2-6, 9-12 (Feb. 11, 2008) ("Complaint").

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

---

[1]   The Defendants indicate that they are alternatively seeking dismissal. Defendants' Motion to Dismiss/Motion for Summary Judgment with Brief in Support at p. 6 (June 30, 2008) ("Defendants' Motion for Summary Judgment").  But they seek only summary judgment in each of the arguments.  *See id.*  Although the Defendants state that they are seeking dismissal, they never present an argument for this disposition.

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When a summary judgment motion is filed, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

## EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES

All parties seek summary judgment on the issue of administrative exhaustion. The Defendants argue that the Plaintiff did not file a grievance on the underlying claims, and the Plaintiff states that he did. Because all parties support their allegations with sworn statements, the Court should reject the competing arguments for summary judgment on the exhaustion issue.

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The relevant events took place at the Oklahoma County Detention Center, which employs an administrative process. According to that policy, an inmate should begin by attempting to informally resolve the claim with a staff member. *See* Inmate Handbook at p. 9. If this attempt is unsuccessful, the inmate can file an informal request to staff. *See id.* Finally, the prisoner can file a grievance if the issue remains unresolved. *See id.*

According to the Defendants, Mr. Adams failed to file any request to staffs or grievances concerning his claims.[2] Defendants' Motion for Summary Judgment at p. 14. But the Plaintiff disputes this allegation under oath,[3] stating that he had filed both forms and that authorities failed to respond. Complaint at pp. 6-7. The Court cannot resolve this swearing match on motions for summary judgment.[4] Consequently, the Court should reject all of the arguments for summary judgment on the exhaustion issue.

THE DEFENDANTS' ARGUMENT INVOLVING QUALIFIED IMMUNITY

The Defendants argue that in their personal capacities, they enjoy qualified immunity. Defendants' Motion for Summary Judgment at pp. 16-23. Again, all parties seek summary judgment on this issue. But Mr. Adams states that he is not suing the Defendants in their individual capacities,[5] and qualified immunity is unavailable on the official capacity claims.[6]

---

[2] The Defendants also suggest that Mr. Adams did not allege that his unanswered grievances "were in any way concerned with the issues raised in . . . his Complaint." Defendants' Motion for Summary Judgment at pp. 7, 16. This argument is invalid. When asked if he had sought administrative relief "regarding the acts complained of [in the body of the complaint]," Mr. Adams marked "yes," explained the lack of a response, and signed the document under oath. Complaint at pp. 5-6.

[3] For purposes of summary judgment, Mr. Adams' verified complaint is treated as a sworn affidavit. *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) (*per curiam*).

[4] *See*, *e.g.*, *Baughman v. Harless*, 142 Fed. Appx. 354, 360 (10th Cir. Aug. 2, 2005) (unpublished op.) (reversing the award of summary judgment for the defendants "[b]ecause there is a genuine issue of material fact whether [the prisoner] exhausted his available administrative remedies").

[5] *See* Plaintiffs' Motion for Continueace[sic]/Motion for Summary Judgement with Brief in Support at p. 2 (July 8, 2008) ("Defendants are not sued in their individual capacity").

[6] *See Langley v. Adams County*, 987 F.2d 1473, 1477 (10th Cir. 1993) ("Qualified immunity . . . is available only to defendants sued in their individual capacities." (citations omitted)).

Thus, the parties' respective arguments on qualified immunity are inapplicable to the actual claims. In these circumstances, the Court should reject both arguments for summary judgment on the issue of qualified immunity.

## SUMMARY OF RECOMMENDATIONS

The Court should deny both motions for summary judgment.

## NOTICE OF RIGHT TO OBJECT

The parties have the right to object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1). Any objection must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objections is September 2, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object to this report and recommendation would prevent appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

The referral is terminated.

If the report is adopted, the undersigned would recommend a new referral for:

- notification to the parties of their right to consent to referral of the action to a magistrate judge[7] and

- inquiry about the possibility of a request for counsel on behalf of Mr. Adams.[8]

---

[7] *See* Fed. R. Civ. P. 73(b).

[8] *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(1).

Entered this 12th day of August, 2008.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge