IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MIGUEL ARDIAN ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-08-150-D |
| | ) | |
| D. O. JAMES PALMER, D. O. KEVIN | ) | |
| JOHNSON, and SERGEANT BRYAN | ) | |
| ARRINGTON, | ) | |
| | ) | |
| Defendants. | ) | |

O R D E R

Plaintiff, a state prisoner appearing *pro se*, brought this action pursuant to 42 U. S. C. § 1983, alleging that the defendants violated his constitutional rights during his incarceration at the Oklahoma County Detention Center. Pursuant to 28 U. S. C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Robert E. Bacharach for initial proceedings. Defendants jointly filed a Motion to Dismiss/Motion for Summary Judgment [Doc. No. 22]; Plaintiff timely responded.

The Magistrate Judge filed a Report and Recommendation [Doc. No. 25] in which he recommended that the parties' motions[1] for summary judgment be denied and that the case be again referred to him for further proceedings. In the Report and Recommendation, the Magistrate Judge advised the parties of their right to object to the findings and conclusions set forth therein and

---

[1]*The Magistrate Judge stated that "all parties" sought summary judgment, and recommended denial of "both motions." Report and Recommendation, pp. 1, 2, 4. The record in this case is confusing in that regard because, in addition to the Defendants' joint motion [Doc. No. 22], there is a docket entry indicating Plaintiff filed a "Motion for Continuance/Motion for Summary Judgment with Brief in Support [Doc. No. 24]. However, that entry is followed by an annotation stating that Plaintiff's submission was erroneously docketed as a motion. Upon review of the content of Plaintiff's brief, the Court finds that it could be construed as a response to Defendants' motion; however, it contains statements suggesting that Plaintiff also seeks summary judgment. Because the Magistrate Judge apparently construed the brief as also seeking summary judgment, his Report and Recommendation indicates both Plaintiff and Defendants sought summary judgment.*

cautioned them that failure to timely object would constitute a waiver of the right to appellate review of the Report and Recommendation. Defendants timely objected. Although Plaintiff sought and was granted an extension of time to file objections, he did not do so.[2] Because Defendants timely objected to the Report and Recommendation, the Court has reviewed the matter *de novo.*

The Report and Recommendation focuses on Defendants' arguments in support of summary judgment pursuant to Fed. R. Civ. P. 56 rather than in support of dismissal for failure to state a claim in accordance with Fed. R. Civ. P. 12(b)(6). Although their motion is entitled "Motion to Dismiss/Motion for Summary Judgment with Brief in Support," and it discusses the legal standards applicable to dismissal and to summary judgment, the Court agrees with the Magistrate Judge that the Motion is best analyzed as a summary judgment motion. Defendants' arguments focus on the evidence in the record, and seek a determination that, as a matter of law, Plaintiff cannot recover on the claims he asserts. Defendants rely extensively on evidence in the record to dispute Plaintiff's factual allegations. More specifically, Defendants argue that the record establishes that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit; in the alternative, Defendants argue that they are entitled to qualified immunity on Plaintiff's claims.

In the Report and Recommendation, the Magistrate Judge found that material fact disputes precluded summary judgment on the issue of exhaustion of remedies. The Magistrate Judge further found that the affirmative defense of qualified immunity is inapplicable because, in response to the Motion, Plaintiff expressly stated that he is not suing Defendants in their individual capacities.

---

[2]*Subsequent to the Order [Doc. No. 30] granting Plaintiff until December 10, 2008 to file his objections, Plaintiff apparently submitted a second motion for extension of time [Doc. No. 32]. Although no ruling was issued in response to that request, Plaintiff has not filed anything in this case since that date. The Court finds that, given the length of time since the Report and Recommendation was filed, Plaintiff has had more than sufficient time in which to file an objection, if he intended to do so. Furthermore, as set forth herein, the recommendation of the Magistrate Judge is favorable to Plaintiff.*

In their objection to the Report and Recommendation, Defendants acknowledge that the issue of exhaustion of remedies may arguably present a disputed fact issue. However, they contend that the Magistrate Judge should have further considered their qualified immunity claim because the Complaint could only be construed as asserting claims against them individually rather than in their official capacities. Accordingly, Defendants contend that the Complaint should be dismissed for failure to state a claim against Defendants in their official capacities.

With respect to Defendants' contention that Plaintiff failed to exhaust his administrative remedies, the Court finds that, although there is limited evidentiary support for Plaintiff's claim that he has exhausted the available remedies, the Magistrate Judge correctly concluded that summary judgment is improper. Summary judgment may be granted where the undisputed material facts establish that one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). To avoid summary judgment, a plaintiff must present more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict for the non-moving party." *Id.* Such evidence cannot be limited to conclusory assertions; a plaintiff must come forward with evidence sufficient to create a factual dispute with regard to the issue on which judgment is sought. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324.

As the Magistrate Judge noted, for purposes of summary judgment, Plaintiff's verified Complaint is treated as a sworn affidavit. *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) (*per curiam*). Plaintiff expressly states in his verified Complaint that he pursued his administrative remedies on claims he asserts, and generally explains the actions he took. Complaint at pp. 5-6.

While he does not directly respond to the evidence cited in Defendants' brief, his sworn statement raises factual issues material to his claims. Accordingly, it is sufficient to present more than a scintilla of evidence on this issue. Summary judgment is thus improper.

Accordingly, the Report and Recommendation is adopted to the extent that it recommends denial of the Defendants' summary judgment motion on the issue of exhaustion of remedies. To the extent that Plaintiff's brief can be construed as also seeking summary judgment on that issue, the Court agrees that his request must be denied.

With respect to Defendants' argument asserting qualified immunity, the Magistrate Judge correctly held that qualified immunity is applicable only to claims asserted against Defendants in their individual capacities. *Beedle v. Wilson*, 422 F. 3d 1059, 1069 (10th Cir. 2005); *Hammons v. Saffle*, 348 F. 3d 1250, 1257 (10th Cir. 2003). Defendants' motion is obviously based on their interpretation of the Complaint as asserting individual capacity claims; however, in his response[3], Plaintiff expressly states that he is not suing defendants in their individual capacities. *See* "Motion for Continuance/Motion for Summary Judgment" [Doc. No. 24], p. 2. Relying on that statement, the Magistrate Judge found that Defendants' qualified immunity defense is inapplicable.

Defendants' objection argues that, having reached that conclusion, the Magistrate Judge should have examined the Complaint to determine if it states a claim for relief based on official capacity claims. Defendants contend that the allegations are insufficient to state such a claim.

The Court does not find Defendants' initial construction of the Complaint unreasonable. However, Plaintiff has now expressly limited his allegations to official capacity claims, and the

---

[3]*Because Plaintiff 's Motion for Continuance/Motion for Summary Judgment [Doc. No. 24] contains argument which can be construed as a response to Defendants' Motion and because Plaintiff did not file a separate response, the Court construes the content of the same as responding to the Defendants' Motion.*

Magistrate Judge did not err in concluding that qualified immunity does not apply to such claims. Although Defendants now argue that the Complaint does not state a claim for relief based on official capacity claims, that argument was not presented to the Magistrate Judge in the Defendants' Motion. The Court will not reject the conclusion in the Report and Recommendation on that basis. Because this matter is again being referred as suggested in the Report and Recommendation, Defendants may wish to seek leave to pursue these arguments in the proceedings conducted by the Magistrate Judge.     Having fully considered the Report and Recommendation, the record in this case, and Defendants' objections, the Court concludes that the Report and Recommendation [Doc. No. 25] should be, and is hereby, ADOPTED. The Court further agrees with the Magistrate Judge that this matter should again be referred to him. Accordingly, the matter is again referred to United States Magistrate Judge Robert E. Bacharach for further proceedings.

IT IS SO ORDERED this  17th  day of February, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE