IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIGUEL ARDIAN ADAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-08-150-D ) |
| D.O. JAMES PALMER, *et al.*, | ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION CONCERNING
THE DEFENDANTS' SECOND DISPOSITIVE MOTION**

The Plaintiff is a pretrial detainee at the Oklahoma County Detention Center. He has sued three detention officers under 42 U.S.C. § 1983, claiming that they had committed an assault, threatened homicide, and failed to respond to administrative complaints. During the pendency of the suit, the Plaintiff has clarified that the action is being brought solely in the Defendants' official capacities. The three officers have moved for dismissal based on failure to state a valid claim. This motion should be granted.

Standard for Dismissal

Dismissal for failure to state a valid claim is proper only if the Plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face."[1] To determine facial plausibility, the Court considers whether the plaintiff has pled enough "factual content" for a "reasonable inference that the defendant is liable for the misconduct alleged."[2] The

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[2] *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

assessment of this factual content entails: (1) an underlying assumption that the allegations in the complaint are true, and (2) a construction in the light most favorable to the Plaintiff.[3]

### The Nature of County Liability and the Defendants' Motion

Resolution of the motion to dismiss turns on the nature of county liability and the absence of any factual allegations in the complaint regarding a wrongful policy or custom.

The official-capacity claims are, in reality, brought against Oklahoma County.[4] The county incurs liability only if the Plaintiff can tie his injury to: (1) an action by a person with final policymaking authority for the county,[5] or (2) the existence of a county policy or custom.[6] In the absence of a wrongful policy or custom or act by a policymaker, "the county cannot be held liable solely on a showing of a single incident of unconstitutional activity."[7]

The Defendants filed a motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a valid claim. There the Defendants argued that they were not policymakers and that the Plaintiff has not pled any facts suggesting an unconstitutional policy or custom.

---

[3]  *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

[4]  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (a suit against an officer in his official capacity is in essence a suit against the entity that the officer represents); *see also Lopez v. LeMaster*, 172 F.3d 756, 762 (10th Cir. 1999) (stating that a suit against the sheriff in his official capacity was "the equivalent of a suit against" the county (citation omitted)).

[5]  *See Sauers v. Salt Lake County*, 1 F.3d 1122, 1129 (10th Cir. 1993).

[6]  *See Winters v. Board of County Commissioners*, 4 F.3d 848, 855 (10th Cir. 1993) ("in order for the County . . . to be liable under § 1983 the constitutional violation must be a result of a government custom or policy" (citation omitted)).

[7]  *Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) (citation omitted).

With the supporting brief, the Defendants attached a written policy to support the argument that they were not policymakers for the county.[8] In light of the Defendants' partial reliance on the written policy, the Court converted the motion to one for dismissal or summary judgment in the alternative.[9]

The Plaintiff has apparently misapprehended the effect of the Court's conversion of the dispositive motion. Under Federal Rule of Civil Procedure 12(d), the Court was obligated to exclude evidence of the policy or to recharacterize the motion. But the written policy was presented for a limited purpose, proof that the Defendants were not policymakers for the county.[10] In his response, the Plaintiff has conceded this argument.[11] As a result, the Court has only to consider the remainder of the Defendants' argument for dismissal. There the Defendants relied on the absence of allegations in the complaint about an unconstitutional policy or custom.[12]

---

[8] *See* Defendants' Motion to Dismiss All 'Official Capacity' Claims at pp. 7-8 (May 29, 2009).

[9] Order (June 1, 2009).

[10] *See supra* p. 3.

[11] *See* Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Official Capacity Claims at p. 3 n.3 (July 2, 2009) ("Plaintiff does not dispute [the Defendants' claim that they are not final policymakers and have not been vested with the authority to make policy], but instead contends that such is irrelevant as Plaintiff can state a Section 1983 claim by sufficient evidence . . . [of] a custom or usage.").

[12] Defendants' Motion to Dismiss All 'Official Capacity' Claims at pp. 4-5, 8-10 (May 29, 2009).

To resolve this argument, the Court must consider the scope of the Plaintiff's pleading burden. As noted above, the Supreme Court has required the Plaintiff to plead sufficient factual content to justify a reasonable inference of liability on the part of the defendant.[13] Such liability would exist in the Defendants' official capacities only if the county had maintained a wrongful policy or custom.[14] As a result, the complaint would survive scrutiny under Rule 12(b)(6) only if it contained sufficient factual content to reasonably infer a wrongful policy or custom by Oklahoma County.[15] There was none in the complaint, and the Plaintiff does not suggest that there was.[16]

In the complaint, Mr. Adams did allege that three officers had initiated an unprovoked assault, threatened death, and failed to respond to administrative complaints.[17] But the complaint did not include any allegations suggesting that other officers had condoned such

---

[13]   *See supra* pp. 1-2.

[14]   *See supra* p. 2.

[15]   *See Beedle v. Wilson*, 422 F.3d 1059, 1073-74 (10th Cir. 2005) (upholding dismissal of a Section 1983 claim against a municipal entity because the original and amended complaints had not identified a municipal policy or custom that had caused the plaintiff's injury).

[16]   Instead, the Plaintiff has pointed to evidence that jail staff have: (1) used force with disproportionate frequency to control events, and (2) employed four-point restraints on eight occasions even when the detainee was already complying with staff orders. Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Official Capacity Claims at pp. 5-6 (July 2, 2009). This evidence would be relevant if the Defendants had requested summary judgment based on the absence of an unconstitutional policy or custom. But the Defendants have not. As noted above, the Defendants had relied on evidence only to argue the point, ultimately conceded, that the three officers named as parties were not policymakers for the county. *See supra* p. 3.

[17]   *See supra* p. 1.

behavior or that any official or unofficial policies or customs had caused the assault, homicide threat, or disregard for Mr. Adams' administrative complaints.[18]

The Tenth Circuit Court of Appeals recently addressed a similar issue in *Moss v. Kopp*, 559 F.3d 1155 (10th Cir. 2009). There two citizens alleged that deputy sheriffs and a private attorney had violated the federal constitution by taking private property from a home for use in a separate civil suit.[19] Invoking Section 1983, the homeowners sued the county and asserted an official-capacity claim against the county sheriff.[20] The Tenth Circuit Court of Appeals upheld dismissal under Rule 12(b)(6) because the plaintiff had not pled any facts in the complaint to suggest a basis for county liability.[21] Rather than allege a wrongful pattern or practice, the homeowners had referred in the complaint only to the single incident that had resulted in the taking of their property.[22] Because the homeowners had relied in the complaint only on the conduct of the deputies, the court had insufficient factual content to reasonably infer a basis of liability for the county or for the sheriff in his official capacity.[23]

---

[18]     *See* Civil Rights Complaint Pursuant to 42 U.S.C. §1983, *passim* (Feb. 11, 2008).

[19]     *See Moss v. Kopp*, 559 F.3d 1155, 1159-60 (10th Cir. 2009).

[20]     *See Moss v. Kopp*, 559 F.3d 1155, 1160, 1168 (10th Cir. 2009).

[21]     *Moss v. Kopp*, 559 F.3d 1155, 1168-69 (10th Cir. 2009).

[22]     *See Moss v. Kopp*, 559 F.3d 1155, 1169 & n.14 (10th Cir. 2009).

[23]     *Moss v. Kopp*, 559 F.3d 1155, 1168-69 (10th Cir. 2009).

As a result, the Tenth Circuit Court of Appeals upheld dismissal of the Section 1983 claims against the county and the sheriff in his official capacity.[24]

Under *Moss v. Kopp*, the Court should grant the Defendants' motion to dismiss. Like the homeowners there, Mr. Adams has alleged in the complaint only that he was the victim of a single incident. Even with a broad construction, the complaint does not suggest any tie between a county policy or custom and the alleged assault, death threat, or disregard for his administrative complaints. And, as indicated above, the Plaintiff concedes that the three defendants were not policymakers for the county.[25] In the absence of any such allegations, the Court lacks sufficient factual content from the complaint to infer a basis for liability in the Defendants' official capacities. In these circumstances, the Court should grant the Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Upon dismissal of the complaint, the Court should allow the Plaintiff twenty days to amend.[26]

---

[24] *Moss v. Kopp*, 559 F.3d 1155, 1169-70 (10th Cir. 2009).

[25] *See supra* p. 3.

[26] *See Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) ("As a general matter, a party should be granted an opportunity to amend his claims prior to a dismissal with prejudice.").

Notice of the Right to Object

The parties have the right to object to this report and recommendation.[27]  Any objection must be filed with the Court Clerk for the United States District Court[28] by September 3, 2009.[29]  The failure to timely object to this report and recommendation would prevent appellate review of the suggested ruling.[30]

Status of the Referral

The referral is terminated.

Entered this 14th day of August, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[27]     *See* 28 U.S.C. § 636(b)(1).

[28]     *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999).

[29]     *See* W.D. Okla. LCvR 72.1.

[30]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).